# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| **GREGORY D. BETHEA,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **CSX TRANSPORTATION, and BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS,** <br><br> **Defendants.** | Civil Action No: <br><br><br> **COMPLAINT** |

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343(4), 2201 and 2202, 42 U.S.C. Section 2000e et seq. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 2000e et seq. ("Title VII"), and 42 U.S.C. Section 1981 ("Section 1981"). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. Section 2000e et seq., and 42 U.S.C. Section 1981 providing for injunctive and other relief against race discrimination.

2. The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII and Section 1981. The Plaintiff timely filed his charge of race discrimination within 180 days of the last discriminatory act. The Plaintiff timely filed suit within 90 days of receipt of his right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).

3. Venue is proper in the District of South Carolina because Defendant CSX Transportation maintains a corporate headquarters in the District, maintains personnel records in the District, determines and implements its company-wide policies, practices, and procedures which have affected the Plaintiff in this District, engages in and/or ratifies illegal conduct in this District which has adversely affected the named Plaintiff, and engages in corporate activities, such as the implementation of discriminatory employment policies, practices, and procedures, which are conceived and carried out from this District. The venue is also proper in this District because the Plaintiff works here and the discrimination alleged by the Plaintiff occurred here.

## II. PARTIES

4. Plaintiff Gregory Bethea is an African-American citizen of the United States and a resident of the State of North Carolina. The Plaintiff is employed and works in the State of South Carolina, and specifically, in Defendant's Florence Division location in Florence, South Carolina.

5. Defendant, CSX Transportation (hereinafter "CSXT"), is an entity subject to suit under Title VII and Section 1981. The Defendant employs at least fifteen (15) persons.

6. Defendant, Brotherhood of Maintenance of Way Employes Division of the International Brotherhood of Teamsters ("BMWED-IBT" or "Union"), is a labor organization representing the Plaintiff for the purposes of collective bargaining with CSXT. The Union is an entity subject to suit under Section 1981 and Title VII and is a necessary party in this action.

## III. STATEMENT OF FACTS

7. **Plaintiff Gregory Bethea** has been employed by CSXT since August of 2005. During this period of time, he has been employed as a Trackman, Mechanical Operator, Welder Helper, and a Vehicle Operator, and has satisfactorily performed his duties in each of these jobs

including as a Vehicle Operator. The Plaintiff is a member of the BMWED-IBT and is represented by the BMWED-IBT for the purposes of collective bargaining. Mr. Bethea maintains both a Commercial Drivers License ("CDL") and a hazmat endorsement. Both of Bethea's immediate supervisors – Ed Phipps and Willie Morris – are White males.

8. CSXT claims to have formal wage and job classification policies that apply the same to all Vehicle Operators regardless of their race. However, on March 8, 2010, Mr. Bethea learned for the first time that J.J. Meadows, a White employee of CSXT, who is also a Vehicle Operator and has both a CDL and a hazmat endorsement, has been receiving "CDL pay" – thirty cents per mile for vehicle operation – in addition to his salary as a Vehicle Operator. Mr. Bethea has not been paid any "CDL pay" even though Mr. Meadows and he drive the same type of vehicle and perform the same type of duties.

9. Mr. Bethea reported the difference in wages to CSXT Foremen D.E. Kirkland and Brian Moore – both White. No corrective action was taken by Mr. Kirkland, Mr. Moore, or any other CSXT foreman in response to Mr. Bethea's complaint.

10. Throughout his employment with the CSXT, the Plaintiff has been exposed to racial comments, racial statements, racial jokes, racial graffiti, and racial paraphernalia, including having to work with and around a White mechanic, Ronnie Blake, who continually wears Confederate flag paraphernalia – a confederate flag belt – as part of his work attire.

11. CSXT has a formal racial harassment policy. Throughout his employment by CSXT, the Plaintiff has repeatedly complained to his White supervisors about the racially hostile environment in which he is required to work; yet, no action has been taken by CSXT to remedy this racially hostile working environment. For example, on April 22, 2010, Mr. Bethea reported the fact that Mr. Blake was wearing a Confederate flag belt to the CSXT

Ethics Hotline and explained that he was offended by him doing so. On May 7th 2010, Mr. Bethea received a call from Matt Shearon, a White male in CSXT's Human Resources department. Mr. Shearon assured Mr. Bethea that Mr. Blake would no longer be allowed to wear the racially offensive belt and that he would resolve the situation by May 11th, 2010. However, as before, no further action was taken by Mr. Shearon and Mr. Blake continues to wear the Confederate flag belt.

### IV.  STATEMENT OF CLAIMS

### COUNT ONE--TITLE VII

12. Plaintiff realleges each and every allegation set forth in paragraphs 1-11 above inclusive with the same force and effect as though fully set forth herein below.

13. CSXT has discriminated against the Plaintiff with respect to income (pay/compensation) and other terms and conditions of employment in violation of Title VII of the Civil Rights Act of 1964, as amended.

14. The Plaintiff has been subjected to race discrimination including, but not limited to, a continuous pattern and practice of intentional discrimination and a battery of practices having unlawful disparate impact on his employment opportunities. Such race discrimination includes paying the Plaintiff less for performing his job than White employees. The means of accomplishing such race discrimination include, but are not limited to, CSXT's pay procedures and unequal terms and conditions of employment.

15. The Plaintiff has been subjected to adverse conditions of employment and to disparate employment practices by CSXT.

16. The Plaintiff is directly affected by these discriminatory practices by being deprived of the opportunity to work in an environment free of racial discrimination and to be supervised and

4

work with people of his own race who would have been employed in the absence of alleged discrimination.

17. The systemic discrimination of CSXT further adversely affects the status of the Plaintiff as an employee by promoting and reinforcing racial stereotypes and bias in income (pay/compensation/overtime), job assignments, and other terms and conditions of employment.

18. Throughout his employment, the Plaintiff has been subjected to a racially hostile work environment, both severe and pervasive, which affects the terms and conditions of his employment. For example, White managers with CSXT have allowed White employees to wear racially incendiary paraphernalia including confederate flag memorabilia, have made it clear that they favor White employees over African-American employees, have taken no corrective action in response to the use of racial slurs or the wearing of racially incendiary paraphernalia, and otherwise have created a working environment hostile to African-American employees.

19. The Plaintiff has repeatedly complained to his White supervisors, including upper-level management at CSXT, about the racially hostile work environment. CSXT managers have conducted inadequate and/or superficial investigations of these complaints and have failed to implement adequate procedures to alter the racially hostile working environment.

20. CSXT has failed to impose adequate discipline on any manager or employee violating the equal employment opportunity laws and has failed to create adequate incentives for its managerial and supervisory personnel to comply with these laws regarding each of the employment policies, practices, and procedures described above.

21. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit is his only means of securing adequate relief.  The Plaintiff is now suffering and will continue to suffer irreparable injury from CSXT's unlawful policies, practices and procedures as set forth herein unless those policies, practices, and procedures are enjoined by this Court.

## COUNT TWO--SECTION 1981

22. Plaintiff realleges each and every allegation set forth in paragraphs 1-21 above inclusive with the same force and effect as though fully set forth herein below.

23. CSXT subjected the Plaintiff to disparate terms and conditions of employment, including being paid less than similarly situated White employees, and working in a racially hostile work environment, as set forth above, on account of his race in violation of 42 U.S.C. Section 1981.

24. The unlawful employment policies, practices, and procedures, as recited herein, violate Section 1981 and have deprived Plaintiff of the same right to make and enforce contracts as is enjoyed by White employees of CSXT.

25. As a result of the CSXT's discriminatory actions, the Plaintiff has suffered extreme harm including, but not limited to, mental anguish, emotional distress, emotional suffering, and lost wages.

## V.     PRAYER FOR RELIEF

WHEREFORE**,** the Plaintiff respectfully requests that this Court will assume jurisdiction of this action and after trial:

   1.     Enter a declaratory judgment that CSXT's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et. seq., and 42 U.S.C. Section 1981.

2. Grant Plaintiff a permanent injunction enjoining CSXT, its agents, successors, employees, attorneys and other representatives, and all those acting in concert with CSXT and at CSXT's instruction, from continuing to violate Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.

3. Grant the Plaintiff an order requiring CSXT to make him whole, by granting appropriate declaratory relief, back-pay, plus interest, and attorney's fees and expenses.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require.

Respectfully submitted,

s/ Anne E. Mjaatvedt_____
Anne E. Mjaatvedt, Fed. Bar # 9286
ANNE MJAATVEDT LAW FIRM, LLC
39 Broad Street, Suite 208
Charleston, SC 29401
(843) 793-4240
(843) 278-9239 (Fax)
anne@aemlawyer.com

Robert F. Childs, Jr. (ASB-2223-C60R)
WIGGINS, CHILDS, QUINN, & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500 (telephone)
(205) 254-1500 (facsimile)

ATTORNEYS FOR THE PLAINTIFF