IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Darryl E. Brown and Earnest McWhite,[1] ) | Civil Action No.: 4:11-cv-01569-RBH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CSX Transportation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiffs filed the above action against their former employer, CSX Transportation ("Defendant"), alleging they were subjected to a hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2010), and 42 U.S.C.A. § 1981 (West 2003). On January 18, 2013, Defendant filed a Motion for Summary Judgment as to the claims of Plaintiff Darryl Brown ("Plaintiff"). Plaintiff filed his Response on February 27, 2013. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[2] In the R&R, the magistrate recommends that the Court deny Defendant's Motion for Summary Judgment. Defendant timely filed objections to the R&R. For the following reasons, this Court adopts the R&R.

---

[1] Plaintiffs Bethea, Oliver and Jett have been dismissed from this action. The only Plaintiffs remaining are Brown and McWhite. McWhite's claims have been addressed by separate order.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Rogers for pretrial handling.

**Background**[3]

Defendant hired Plaintiff as a management trainee in July 2009. In April 2010, Plaintiff was promoted to the position of assistant roadmaster, where he worked with roadmaster Chad Beverly ("Beverly"). Plaintiff's hostile work environment claim focuses chiefly on Beverly's various actions and comments, which he reported to his immediate supervisor, engineer of track John Turner ("Turner"), on at least three occasions. Plaintiff's retaliation claim centers on Turner's response to those complaints.

**Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party

---

[3] The facts of this case, including citations to the record, are discussed thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 177, at 1–13.]

makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310 (4th Cir. 2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### Discussion

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. The majority of Defendant's objections merely restate arguments already presented to and addressed by the magistrate. *See Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations). Accordingly, these objections do not meet the applicable standard for specificity set above. Nonetheless, out of an abundance of caution, the Court has reviewed the R&R *de novo,* and will briefly address the objections lodged by Defendant as to the magistrate's holding on both Plaintiff's hostile work environment and retaliation claims.[4]

---

[4] Defendant begins its objections not by taking issue with the R&R, but by arguing that the magistrate ruled incorrectly when it denied a previously filed Motion to Strike, wherein Defendant sought to strike certain evidence offered by Plaintiffs Darryl Brown and Earnest McWhite in Response to Defendant's Motions for Summary Judgment. [*See* Order on Motion to Strike, Doc. # 176.] Specifically, Defendant sought to strike Brown's Declaration, Brown's and McWhite's Equal Employment Opportunity Commission ("EEOC") Affidavits filed with their 2011 EEOC Charges of Discrimination, Brown's and McWhite's Supplemental Interrogatory Responses, and Brown's 2012 EEOC Charge of Discrimination and Affidavit. [*Id*. at 1.] The magistrate found that many of the statements in these documents were not material to the Plaintiffs' respective Responses. [*Id*. at 3.] As to those which were material, the

**I.      Hostile work environment**

The magistrate held that there was a dispute of fact as to Plaintiff's hostile work environment claim. To survive a motion for summary judgment on a claim of a racially hostile work environment in violation of Title VII or § 1981, a plaintiff must show that there is a genuine issue of material fact as to whether the offending conduct was 1) unwelcome, 2) based upon race, 3) sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment, and 4) imputable to his employer. *Ziskie v. Mineta*, 547 F.3d 220, 224 (4th Cir. 2008).

Defendant first argues that Plaintiff fails to present legally sufficient evidence of race-based conduct from Beverly. [Obj., Doc. #180, at 6.] Defendant does little more than frame the evidence – which was already properly analyzed by the magistrate – in a light most favorable to its position.

---

magistrate ruled that the documents were not contradicted by the deposition testimony and would, at best, give rise to a credibility issue for the trier of fact. [*Id.* at 5–9.] A significant number of Defendant's objections could only *possibly* have merit if this Court ignores information in the documents Defendant previously sought to strike. In essence, Defendant is using its objections to appeal the magistrate's ruling. It is plain that the magistrate was acting within his province in ruling on the Motion to Strike. In accordance with federal law, magistrates in the district of South Carolina are empowered to handle all pretrial proceedings, including ruling on nondispositive motions, "involving litigation arising out of employment discrimination cases invoking federal statutes which proscribe unfair discrimination in employment . . . ." D.S.C. Local Rule 73.02 (B)(2)(g); *see also* 28 U.S.C.A. § 636(b)(1)(A) (permitting a district judge to designate a magistrate judge to hear and decide a pretrial matter pending before the court, other than pretrial matters which are dispositive of the case). To the extent Defendant is entitled to a review of the magistrate's previous ruling, the Court has reviewed the magistrate's order and affirms the ruling as it is not clearly erroneous or contrary to law. To the extent Defendant seeks to renew its Motion to Strike, it is denied for the reasons stated by the magistrate. *See* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court *may reconsider* any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.") (emphasis added); *see also Taylor v. State Farm Fire & Cas. Co.*, No. 3:12–cv–1838–CMC, 2013 WL 504430, at *1 n.1 (D.S.C. Feb. 12, 2013) (disposing of a similar objection with a brief footnote indicating that the magistrate's rulings were not clearly erroneous); *Kennedy v. HHHunt Corp.*, No. 3:12–1017–JFA, 2013 WL 427353, at *3 (D.S.C. Feb. 4, 2013) (declining to reconsider a magistrate's order on a nondispostive motion).

As the magistrate explained, "[v]ewing the evidence in the light most favorable to [Plaintiff], Beverly made several racially-charged comments to (or within earshot of) [Plaintiff] during his employment: one of those 'straight off the boat from Africa blacks,' and 'black as tar.' Beverly also referred to [Plaintiff] as a 'DAN,' 'LAN,' and 'SAN railer,' which Brown believed stood for 'dumb ass nigger,' 'lazy ass nigger,' and 'stupid ass nigger,' respectively." [R&R., Doc. # 177, at 15–16 (internal citations omitted).]

Defendant next claims that the conduct at issue was insufficiently severe or pervasive as a matter of law. [Obj., Doc. #180, at 6.] Defendant is again recasting the evidence in its favor. However, as the magistrate explained,

> during the time [Plaintiff] worked with Beverly, the harassment was nearly constant. Further, although Defendant argues that Brown presents no proof, other than his own assumption, that the words "DAN," "LAN," and "SAN" were acronyms for the clearly offensive phrases "dumb ass nigger," "lazy ass nigger," and "stupid ass nigger," case law reveals that other individuals have at least recognized "DAN" to mean as much.

[R&R., Doc. # 177, at 15–16 (internal citations omitted).][5] The Court agrees with the magistrate.

Defendant's third argument with regard to Plaintiff's hostile work environment claim is that

---

[5] Defendant appears to make the argument that Plaintiff's hostile work environment claim cannot succeed because there is no evidence of physical threats. The Court can find no support for such a bright-line proposition. *See, e.g.*, *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993) (explaining that actionable harassment occurs when the workplace is "permeated with discriminatory intimidation, ridicule, and insult"); *Beardsley v. Webb*, 30 F.3d 524, 528–29 (4th Cir. 1994) (finding a hostile work environment when, over six months, a supervisor massaged an employee's shoulders, stated he wanted to "make out" and "have his way" with her, falsely accused her of having an affair, and asked her about her underwear, birth control, and the bodily effects of taking maternity leave). While inappropriate physical touching is certainly a strong indicator of a hostile work environment, the Court finds that, for the reasons stated herein and by the magistrate, the record in this case presents a dispute of fact precluding summary judgment on Plaintiff's hostile work environment claim. Further, as discussed by the magistrate, there is evidence in the record that Beverly specifically asked others to "mess with" Plaintiff.

Plaintiff's three complaints to Turner, his immediate supervisor, are legally insufficient to impute notice to Defendant. [Obj., Doc. #180, at 12.][6] Defendant claims that Plaintiff failed to use Defendant's internal mechanisms for reporting harassment. The magistrate squarely addressed this issue, properly holding that "the relevant inquiry is . . . whether the employee adequately alerted his employer to the harassment, not whether he followed the letter of the reporting procedures set out in the employer's harassment policy." [R&R, Doc. # 177, at 22 (internal citations omitted).] Defendant further contends that Plaintiff could not complain to Turner because Turner allegedly harassed Plaintiff. Defendant cites no Fourth Circuit authority for this proposition. Additionally, the magistrate explained the complaints against Turner reflected "run of the mill uncouth behavior" and, more importantly, Plaintiff "was not complaining to Turner about Turner, he was complaining about Beverly's racial harassment." [*Id.* at 18, 24.] Defendant also argues that Plaintiff's complaints to Turner were too limited. This Court cannot say that three complaints over the course of several month are legally insufficient, particularly when one of those complaints was that "Beverly was 'still

---

[6] Defendant attempts to criticize the magistrate for not applying the defense made available in *Faragher v. Boca Raton*, 524 U.S. 775 (1998), and *Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998). Under *Faragher-Ellerth*, the Supreme Court recognized that in certain limited circumstances, an employer could invoke an affirmative defense to hostile work environment claims. The magistrate, reasoning that the *Faragher-Ellerth* affirmative defense was inapplicable in cases involving co-worker harassment, instead looked to Fourth Circuit precedent discussing whether a co-worker's harassment may be imputed to an employer. Thus, the magistrate examined whether Defendant "was negligent in failing, after actual or constructive knowledge, to take prompt and adequate action to stop it." *Howard v. Winter*, 446 F.3d 559, 567 (4th Cir. 2006); *see also Bland v. Fairfax County, Va.*, No. 1:10cv1030, 2011 WL 3421568, at *6 n.4 (E.D. Va. Aug. 3, 2011) (explaining that the *Ellerth-Faragher* defense is inapplicable to cases of co-worker harassment). However, as the magistrate noted, the *Ellerth-Faragher* defense is similar in substance to the co-worker analysis. *See Ellerth*, 524 U.S. at 765 (requiring, as one element, that the employer "exercise[] reasonable care to prevent and correct promptly any sexually harassing behavior"). As the magistrate also noted, Defendant would have the burden of proving its *Faragher-Ellerth* defense. Oddly, Defendant is attacking the magistrate for not applying a test that, while similar to the test applied by the magistrate, is more onerous for Defendant.

doing the same things. He's calling me a lazy ass nigger . . . .'" [*Id.* at 9.] Thus, the Court cannot say, on the record in this case, that Plaintiff's complaints to Turner are insufficient as a matter of law to impute notice to Defendant. The Court overrules Defendant's objections.

## II.    Retaliation

The magistrate also held that disputes of fact preclude summary judgment on Plaintiff's claim for retaliation. Plaintiff's retaliation claim proceeds under the burden-shifting method of proof established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that burden-shifting scheme, the plaintiff has the initial burden to establish a *prima facie* case of retaliation by showing (1) he engaged in a protected activity; (2) the employer took adverse employment action against him; and (3) a causal connection existed between the protected activity and the adverse action. *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 258 (4th Cir. 1998); *Ross v. Commc'n Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

If a plaintiff establishes a *prima facie* case of retaliation, the defendant can rebut the presumption of retaliation by articulating a non-retaliatory reason for its adverse action. If the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason for its action, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the proffered reason was "not its true reason[ ], but [was] a pretext." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *see also Matvia v. Bald Head Island Mgmt.*, 259 F.3d 261, 271 (4th Cir. 2001).

Defendant initially argues that Plaintiff's complaint to Turner did not constitute protected activity because Turner allegedly harassed Plaintiff, and that Plaintiff has no evidence Defendant took any adverse action against him. [Obj., Doc. #180, at 19–20.] As discussed above regarding

7

Plaintiff's complaint, the magistrate explained the complaints against Turner reflected "run of the mill uncouth behavior" and, more importantly, Plaintiff "was not complaining to Turner about Turner, he was complaining about Beverly's racial harassment." [R&R., Doc. # 177, at 18, 24.] As to the adverse action, the magistrate squarely addressed this issue, explaining that

> in [*Burlington N. & Santa Fe Rwy. v. White*, 548 U.S. 53, 71 (2006),] the Supreme Court noted that the reassignment of job duties may be materially adverse under Title VII depending on the circumstances of the particular case. *Burlington*, 548 U.S. at 71. Here, the record shows that [Plaintiff] was transferred to duty stations in Apex, North Carolina, Charlotte, North Carolina, and Laurens, South Carolina, each far from his home in Charleston, South Carolina. In addition, his transfer to Charlotte required working under someone about whom [he] had recently complained.

[*Id.* at 26.][7]

Defendant's final argument is that there is no evidence of pretext. [Obj., Doc. #180, at 22.] Although Defendant takes issue with Plaintiff's proof on this point, because the magistrate accurately found that Plaintiff stated a *prima facie* case of retaliation, it is up to Defendant to present a legitimate, non-retaliatory reason for these transfers. Defendant claims it has done so because, citing to deposition testimony and a declaration from employees, assistant roadmasters routinely were required to routinely travel for work. The record is unclear and a dispute of fact exists as to what extent Plaintiff's transfers were mere routine travel. Additionally, Defendant fails to adequately address the magistrate's holding that the transfers occurred within a month of Plaintiff's protected activity and that Plaintiff's transfer to Charlotte required working under someone about whom he had recently complained. Defendant's objections are overruled.

---

[7] Defendant appears to base its argument that there was no adverse action on the fact that the magistrate relied "exclusively" upon documents it moved to strike. As discussed herein, the magistrate has already denied that motion and allowed those documents into evidence. Moreover, read in a light most favorable to Plaintiff, he specifically testified in his deposition that Turner sent him hours away and denied him management training after he had complained to Turner about Beverly's conduct. [*See* Pl.'s Dep., Doc. # 91-9, at 120–21.]

**Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of the objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Defendant's objections and adopts the R&R.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 85] is **DENIED**.[8]

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
September 17, 2013

---

[8] Because the magistrate has yet to rule on pending non-dispositive motions in the case, including a motion by Defendant to strike Plaintiffs' expert, the magistrate will retain jurisdiction over this case for purposes of disposing of these motions and setting a scheduling order for the remaining deadlines in the matter.