IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Darryl E. Brown and Earnest McWhite,[1] ) | Civil Action No.: 4:11-cv-01569-RBH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CSX Transportation, ) | |
| ) | |
| Defendant. ) | |

Plaintiffs filed the above action against their former employer, CSX Transportation ("Defendant"), alleging they were subjected to a hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2010), and 42 U.S.C.A. § 1981 (West 2003). On January 18, 2013, Defendant filed a Motion for Summary Judgment as to the claims of Plaintiff Earnest McWhite ("Plaintiff"). Plaintiff filed his Response on February 27, 2013. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[2] In the R&R, the magistrate recommends that the Court grant Defendant's Motion for Summary Judgment as to Plaintiff's retaliation claim and deny Defendant's Motion as to Plaintiff's hostile work environment claim. Defendant timely filed objections to the R&R. For the following reasons, this Court adopts the R&R.[3]

---

[1] Plaintiffs Bethea, Oliver and Jett have been dismissed from this action. The only Plaintiffs remaining are Brown and McWhite. Brown's claims have been addressed by separate order.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Rogers for pretrial handling.

[3] Plaintiff filed no objections to the R&R. The Court has reviewed the R&R for clear error as it relates to Plaintiff's retaliation claim and agrees with the magistrate's findings.

## Background[4]

Defendant hired Plaintiff as a track worker in August 2007. In March 2011, Plaintiff began a management trainee program. On December 6, 2011, when a vacancy finally occurred in the Florence Division, Plaintiff was promoted by division engineer Bobby Moore to the position of roadmaster, skipping over the assistant roadmaster position. Both during and after training, Plaintiff worked with roadmaster Chad Beverly ("Beverly"). Plaintiff's hostile work environment claim focuses primarily on Beverly's various actions and comments.

## Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party

---

[4] The facts of this case, including citations to the record, are discussed thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 178, at 1–19.]

2

makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310 (4th Cir. 2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

**Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. The majority of Defendant's objections merely restate arguments already presented to and addressed by the magistrate. *See Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations). Accordingly, these objections do not meet the applicable standard for specificity set above. Nonetheless, out of an abundance of caution, the Court has reviewed the R&R *de novo,* and will briefly address the objections lodged by Defendant as to the magistrate's holding on Plaintiff's hostile work environment claim.[5]

---

[5] Defendant begins its objections not by taking issue with the R&R, but by arguing that the magistrate ruled incorrectly when it denied a previously filed Motion to Strike, wherein Defendant sought to strike certain evidence offered by Plaintiffs Darryl Brown and Earnest McWhite in Response to Defendant's Motions for Summary Judgment. [*See* Order on Motion to Strike, Doc. # 176.] Specifically, Defendant sought to strike Brown's Declaration, Brown's and McWhite's Equal Employment Opportunity Commission ("EEOC") Affidavits filed with their 2011 EEOC Charges of Discrimination, Brown's and McWhite's Supplemental Interrogatory Responses, and Brown's 2012 EEOC Charge of Discrimination and Affidavit. [*Id*. at 1.] The magistrate found that many of the statements in these documents were not material to the Plaintiffs' respective Responses. [*Id*. at 3.] As to those which were material, the magistrate ruled that the documents were not contradicted by the deposition testimony and would, at best, give rise to a credibility issue for the trier of fact. [*Id*. at 5–9.] A significant

The magistrate held that there was a dispute of fact as to Plaintiff's hostile work environment claim. To survive a motion for summary judgment on a claim of a racially hostile work environment in violation of Title VII or § 1981, a plaintiff must show that there is a genuine issue of material fact as to whether the offending conduct was 1) unwelcome, 2) based upon race, 3) sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment, and 4) imputable to his employer. *Ziskie v. Mineta*, 547 F.3d 220, 224 (4th Cir. 2008).

Defendant first contends that the conduct at issue was insufficiently severe or pervasive as a matter of law. [Obj., Doc. #179, at 6.] Defendant claims the comments were not sufficiently voluminous, the conduct was not sufficiently continuous, and that there was no unreasonable interference with Plaintiff's work performance. In addition to raising arguments it already made before the magistrate, Defendant does little more than frame the evidence – which was already

---

number of Defendant's objections could only *possibly* have merit if this Court ignores information in the documents Defendant previously sought to strike. In essence, Defendant is using its objections to appeal the magistrate's ruling. It is plain that the magistrate was acting within his province in ruling on the Motion to Strike. In accordance with federal law, magistrates in the district of South Carolina are empowered to handle all pretrial proceedings, including ruling on nondispositive motions, "involving litigation arising out of employment discrimination cases invoking federal statutes which proscribe unfair discrimination in employment . . . ." D.S.C. Local Rule 73.02 (B)(2)(g); *see also* 28 U.S.C.A. § 636(b)(1)(A) (permitting a district judge to designate a magistrate judge to hear and decide a pretrial matter pending before the court, other than pretrial matters which are dispositive of the case). To the extent Defendant is entitled to a review of the magistrate's previous ruling, the Court has reviewed the magistrate's order and affirms the ruling as it is not clearly erroneous or contrary to law. To the extent Defendant seeks to renew its Motion to Strike, it is denied for the reasons stated by the magistrate. *See* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court *may reconsider* any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.") (emphasis added); *see also Taylor v. State Farm Fire & Cas. Co.*, No. 3:12–cv–1838–CMC, 2013 WL 504430, at *1 n.1 (D.S.C. Feb. 12, 2013) (disposing of a similar objection with a brief footnote indicating that the magistrate's rulings were not clearly erroneous); *Kennedy v. HHHunt Corp.*, No. 3:12–1017–JFA, 2013 WL 427353, at *3 (D.S.C. Feb. 4, 2013) (declining to reconsider a magistrate's order on a nondispostive motion).

4

properly analyzed by the magistrate – in a light most favorable to its position.

As the magistrate explained as to each of these arguments, there is at least a dispute of fact precluding the granting of summary judgment. One, "Beverly made many racially-charged comments to [Plaintiff] during his employment, including 'you thought your black ass got away from me, didn't you,' 'the black Miss Daisy,' 'nigger, get your ass back in here so we can go,' 'lazy, dumb nigger,' 'I got my little black bitch with me,' 'monkey slave,' 'token black guy,' and 'your black ass belongs to me.'" [R&R, Doc. #178, at 22 (internal citations omitted).] Two, "Plaintiff provides at least fourteen specific examples of racial comments made to him by Beverly between 2009 and 2011, and a few of those examples occurred on several occasions. There is no bright line test for the 'number of times a supervisor or employer can use a racial slur while addressing an employee without creating a hostile work environment for Title VII purposes.' However, at least one court in this circuit has found a similar number of racial comments during a similar time period to be sufficient to at least create an issue of fact on the pervasiveness of the offensive conduct." [*Id.* at 25 (internal citations omitted).] *See also Tawwaab v. Virginia Linen Service, Inc.*, 729 F.Supp.2d 757, 778 (D.Md. 2010) (holding ten actionable incidents of harassment during a two-year period sufficient to create an issue of fact).[6] Three, "despite Defendant's argument to the contrary,

---

[6] Defendant implies that Plaintiff's hostile work environment claim cannot succeed because there is no evidence of physical threats. The Court can find no support for such a bright-line proposition. *See, e.g.*, *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993) (explaining that actionable harassment occurs when the workplace is "permeated with discriminatory intimidation, ridicule, and insult"); *Beardsley v. Webb*, 30 F.3d 524, 528–29 (4th Cir. 1994) (finding a hostile work environment when, over six months, a supervisor massaged an employee's shoulders, stated he wanted to "make out" and "have his way" with her, falsely accused her of having an affair, and asked her about her underwear, birth control, and the bodily effects of taking maternity leave). While inappropriate physical touching is certainly a strong indicator of a hostile work environment, the Court finds that, for the reasons stated herein and by the magistrate, the record in this case presents a dispute of fact precluding summary judgment on Plaintiff's hostile work environment claim.

[Plaintiff] has presented evidence that Beverly's conduct interfered with his work. Specifically, [Plaintiff] testifies that he bid on a job away from Beverly's section of track in an attempt to avoid working with him because he was difficult to work for. '[W]hether harassment was sufficiently severe or pervasive to create a hostile work environment is 'quintessentially a question of fact' for the jury.'" [R&R, Doc. #178, at 26 (citing *Conner v. Schrader-Bridgeport Int'l, Inc.*, 227 F.3d 179, 199–200 (4th Cir. 2000)).]

Defendant next argues that Beverly's harassing conduct is not imputable to Defendant. [Obj., Doc. #179, at 11.] Defendant claims that the notice at issue is invalid because it stems from three complaints made by Darryl E. Brown, a co-plaintiff in this case, to engineer of track John Turner, and that those complaints had nothing to do with Plaintiff. While Plaintiff's case for notice is certainly not strong, Defendant overstates its weakness. The magistrate explained the issue as follows:

> [The] evidence of notice is weak. However, considering Brown's three complaints to Turner about Beverly's racial harassment, Turner's participation with Beverly i[n] at least one racially offensive conversation in [Plaintiff's] presence, the numerous racially offensive comments made by Beverly, and Beverly's insinuations that he and Turner (and other supervisors) were close, Plaintiff presents just enough evidence to cross the scintilla of evidence threshold and create an issue of fact as to whether Defendant was on notice of the racial harassment towards Plaintiff.

[R&R, Doc. #178, at 29–30 (discussing the record).] The Court agrees with the magistrate that, although weak, Plaintiff survives summary judgment on this issue.[7] Defendant also claims that Plaintiff failed to properly use Defendant's internal mechanisms for reporting harassment. However, the relevant inquiry is whether the employee adequately alerted his employer to the harassment, not

---

[7] Defendant contends that, to the extent the Court considers Brown's complaints to Turner, Brown could not complain to Turner because Turner allegedly harassed both Brown and Plaintiff. However, Brown was not complaining to Turner about Turner, he was complaining about Beverly's racial harassment.

6

whether he followed the letter of the reporting procedures set out in the employer's harassment policy. *See Howard v. Winter*, 446 F.3d 559, 567 (4th Cir. 2006) (holding that harassment is imputable where employer is negligent in failing, "after actual or constructive knowledge, to take prompt and adequate action to stop it.") Again, although weak, there is an issue of fact as to whether Plaintiff put Defendant on notice.[8]

### Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of the objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Defendant's objections and adopts the R&R.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 86] is **GRANTED** in part and **DENIED** in part. Specifically, Defendant's Motion is **GRANTED** as to Plaintiff's retaliation claim and **DENIED** as to Plaintiff's hostile work environment claim.[9]

---

[8] In addition to Brown's complaints to Turner, it is undisputed that Plaintiff made a complaint to the ethics hotline regarding Beverly's behavior. Defendant argues that Plaintiff did not do enough to alert the investigators as to Beverly's conduct and that he did not disclose certain comments during the investigation. Plaintiff implies that he did not do so because he believed Beverly held sway over higher-level management. While this may go to Plaintiff's credibility, the Court still agrees that summary judgment is inappropriate as to Plaintiff's hostile work environment claim.

[9] Because the magistrate has yet to rule on pending non-dispositive motions in the case, including a motion by Defendant to strike Plaintiffs' expert, the magistrate will retain jurisdiction over this case for purposes of disposing of these motions and setting a scheduling order for the remaining deadlines in the matter.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
September 17, 2013